**United States District Court**
**Central District of California**

**E-Filed:  JS-3**

UNITED STATES OF AMERICA vs.                    Docket No. ___CR 08-070(A) GHK___

Defendant   __RICHARD CHASE__                   Social Security No. _6_ _8_ _6_ _2_

akas: __Robert Chico, Terrence Hilton__

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| 05 | 24 | 2010 |

| COUNSEL | ☒ **WITH COUNSEL** | GREGORY NICOLAYSEN, APPOINTED |
|---------|--------|-------|

(Name of Counsel)

| PLEA | ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea. ☐ | **NOLO CONTENDERE** ☐ | **NOT GUILTY** |
|------|---------|------|------|

| FINDING | There being a find/verdict of ☒ **GUILTY,** defendant has been convicted as charged of the offense(s) of: |
|---------|-------|

**DISTRIBUTION OF CHILD PORNOGRAPHY, in Violation of TITLE 18 U.S.C. § 2252A(a)(2)(B); as charged in the Single-Count First Superseding Information.**

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: |
|---------|-------|

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.
All fines are waived as it is found that the defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **Two Hundred Ninety Three (293) months.**  This term shall run concurrently with the term imposed in the District of Nevada, Docket No. 2:06-CR-065-PMP.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3)  years.**  This term shall run concurrently with the term imposed in the District of Nevada, Docket No. 2:06-CR-065-PMP,  under the following terms and conditions:

**1.**  The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318, 01-15, and/or 05-02 of this Court, including that the defendant shall not commit another federal, state or local crime;

**2.**  During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

**3.**  The defendant shall cooperate in the collection of a DNA sample from the defendant**;**

**4.**  The defendant shall posses and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions shall be disclosed to the Probation Officer before first use.  Computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers or similar media;

**5.**  All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search.  The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software

\\ \\

on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without the prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable internet, satellite, as requested by the Probation Officer.  This condition and condition no. 4, above, shall not apply to items used at the employment's site which are maintained and monitored by the employer;

**6.**  The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, carries on a vocation, and/or where he is a student, to the extent the registration procedures have been established in such jurisdiction.  When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment;

**7.**  The defendant shall participate in a psychological counseling, psychiatric treatment and/or sex offender treatment program, as approved and directed by the Probation Officer.  Such treatment program may include polygraph, but not Abel or phelsmography, testing if directed by the treatment provider and the Probation Officer; however, defendant's refusal to answer any question on the basis of the Fifth Amendment privilege against self-incrimination shall not be considered a basis for finding defendant in violation of the terms of supervised release.  The defendant shall abide by all rules, regulations, and conditions of such program.  The Probation Officer shall disclose the pre-sentence report or any previous mental health evaluations or reports to the treatment provider;

**8.**  As directed by the Probation Officer, the defendant shall, if he is financially able, pay all or part of the costs of treating his psychological/psychiatric disorders to the aftercare contractor during the period of community supervision. The defendant shall provide proof of payment as directed by the Probation Officer;

**9.**  The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2) and/or child pornography as defined in 18 U.S.C. § 2256(8).  However, this condition shall not be construed to preclude defendant from accessing any material related to and when necessary for these proceedings, including any proceeding on any appeal or collateral attack.  Nor shall it be construed to preclude defendant from accessing any material to which he is directed to do by his Probation Officer or his treatment provider pursuant to condition 7 above;

 **10.**  Defendant's employment shall be approved by the Probation Officer, and any changes in employment must be pre-approved by the Probation Officer.  The defendant shall submit the names and addresses of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

**11.**   The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer;

**12.**  The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

**13.**  With the exception of his family members, defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: **a)** in the presence of the parent or legal guardian of said minor; and **b)** on the condition that the defendant notify said parent or legal guardian of his conviction in the instant and prior offenses.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

**14.**  The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18;

**15.**  The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct", as defined in 18 U.S.C. § 2256(2);

**16.**  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.


\\ \\

\\ \\


The defendant orally waives and has no objection to any future conditions, with regards to electronic devices incorporated herein.

USA vs.   **RICHARD CHASE**                              Docket No.:   **CR 08-070(A) GHK**

**It is recommended** that the defendant be designated to a facility suitable to sex offender.

Upon motion of the government, all remaining counts are ordered dismissed.

The Bureau of Prisons shall calculate this sentence to begin concurrently with defendant's arrest in the Nevada action, i.e. February 25, 2006.

The defendant waives his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| 6/1/10 | |
| Date | GEORGE H. KING, U. S. DISTRICT JUDGE |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

TERRY NAFISI, CLERK OF COURT

| | | |
|---|---|---|
| 6/1/10 | By | / S / |
| Filed Date | | Beatrice Herrera, Courtroom Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   **RICHARD CHASE**                                      Docket No.:   **CR 08-070(A) GHK**

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

   1. Special assessments pursuant to 18 U.S.C. §3013;
   2. Restitution, in this sequence:
         Private victims (individual and corporate),
         Providers of compensation to private victims,
         The United States as victim;
   3. Fine;
   4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
   5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

USA vs.   **RICHARD CHASE**                    Docket No.:   **CR 08-070(A) GHK**

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____          _____
Date                              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____          _____
Filed Date                        Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____

_____          _____
Defendant                         Date

_____          _____
U. S. Probation Officer/Designated Witness          Date

# NOTICE PARTY SERVICE LIST

**Case No.**   CR  08-70(A)  GHK      **Case Title**   U. S. A.  vs.  RICHARD CHASE

**Title of Document**   JUDGMENT AND COMMITMENT ORDER

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| ✓ | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| ✓ | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| ✓ | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ✓ | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| ✓ | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (include suite or floor):



*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**





**Initials of Deputy Clerk     Bea**